BNDDUTY,CLOSED

# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: 1:19–mj–03881–JB All Defendants
### *Internal Use Only*

Case title: USA v. Bagley

Date Filed: 11/18/2019
Date Terminated: 11/21/2019

Assigned to: Magistrate Judge
Jacqueline Becerra

**Defendant (1)**

| | | |
|---|---|---|
| **Bruce Bagley** | represented by | **Daniel Hilton Forman** |
| 25846–104 | | 1401 Brickell Avenue |
| *YOB: 1946; ENGLISH* | | Suite 910 |
| *TERMINATED: 11/21/2019* | | Miami, FL 33131 |
| | | 305–577–8888 |
| | | Fax: 377–0087 |
| | | Email: dhforman@gate.net |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Temporary* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18:U.S.C.§1956(h)CONSPIRACY TO COMMIT MONEY LAUNDERING; 18:U.S.C.§1956(a)(3)(B)and 2 MONEY LAUNDERING | |

**Plaintiff**

**USA**                                   represented by   **Noticing AUSA CR TP/SR**
                                                         Email: Usafls.transferprob@usdoj.gov
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         Designation: Retained

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 11/18/2019 | 1 | 3 | Magistrate Removal of Arrest Warrant and Indictment from Southern District of New York Case number in the other District 19–CRIM–765 as to Bruce Bagley (1). (at) (Entered: 11/18/2019) |
| 11/18/2019 | 2 | 16 | ORDER UNSEALING CASE as to Bruce Bagley. Signed by Magistrate Judge Jacqueline Becerra on 11/18/2019. *See attached document for full details.* (cg1) (Entered: 11/18/2019) |
| 11/18/2019 | 3 | 17 | Minute Order for proceedings held before Magistrate Judge Jacqueline Becerra: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Bruce Bagley held on 11/18/2019. Bond set: Bruce Bagley (1) $300,000 Psb. Date of Arrest or Surrender: 11/18/19. Removal Hearing set for 11/21/2019 10:00 AM in Miami Division before MIA Duty Magistrate. Attorney added: Daniel Hilton Forman for Bruce Bagley (Digital 14:00:09/14:14:21) Signed by Magistrate Judge Jacqueline Becerra on 11/18/2019. (cg1) (Entered: 11/18/2019) |
| 11/18/2019 | 4 | 18 | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: Daniel Hilton Forman appearing for Bruce Bagley (cg1) (Entered: 11/18/2019) |
| 11/18/2019 | 5 | | $300,000.00 PSB Bond Entered as to Bruce Bagley Approved by Magistrate Judge Jacqueline Becerra. *Please see bond image for conditions of release.* (cg1) (Additional attachment(s) added on 11/19/2019: # 1 Restricted Bond with 5th Page) (cg1). (Entered: 11/18/2019) |
| | | 19 | *Main Document* |
| | | | Attachment # 1 *Restricted Bond with 5th Page (Not Attached)* |
| 11/21/2019 | 6 | 24 | Minute Entry for proceedings held before Magistrate Judge Jacqueline Becerra: **Report Re Counsel** Hearing as to Bruce Bagley held on 11/21/2019. Status Conference re: removal as to Bruce Bagley held on 11/21/2019. (Digital 10:19:44) (cg1) (Entered: 11/21/2019) |
| 11/21/2019 | 7 | 25 | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Bruce Bagley (cg1) (Entered: 11/21/2019) |
| 11/21/2019 | 8 | 26 | ORDER OF REMOVAL ISSUED to the Southern District of New York as to Bruce Bagley. Closing Case for Defendant. Signed by Magistrate Judge Jacqueline Becerra on 11/21/2019. *See attached document for full details.* (cg1) (Entered: 11/21/2019) |

Mod AO 442 (09/13) Arrest Warrant    AUSA Name & Telno:  Thane Rehn, 212-637-2354

# UNITED STATES DISTRICT COURT
### for the
## Southern District of New York

United States of America
v.
BRUCE BAGLEY

*Defendant*

)
)
)
)
)
)

Case No.

19 CRIM 765

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   BRUCE BAGLEY                                                                                          ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:
   Conspiracy to commit money laundering, 18 U.S.C. § 1956(h), Money laundering, 18 U.S.C. § 1956(a)(3)(B) and 2

Date:      10/24/2019

City and state:    New York, New York

s/ Deb F
*Issuing officer's signature*

Debra Freeman, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ <br> at *(city and state)* _____ . <br><br> Date: _____          _____ <br> *Arresting officer's signature* <br><br>          _____ <br> *Printed name and title* |

**Nov 18, 2019**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X
                                :
UNITED STATES OF AMERICA        :
                                :
            - v. -              :    SEALED INDICTMENT
                                :
BRUCE BAGLEY,                   :    19 Cr.
                                :
            Defendant.          :
                                :
- - - - - - - - - - - - - - - - X

### COUNT ONE
(Conspiracy to Commit Money Laundering)

The Grand Jury charges:

### Overview of the Scheme

1.    From in or about November 2017, up until in or about
April 2019, BRUCE BAGLEY, the defendant, and others,
participated in a conspiracy to launder proceeds of a Venezuelan
bribery and corruption scheme into the United States. As part of
this conspiracy, BAGLEY agreed to and did receive approximately
fourteen deposits from bank accounts in Switzerland and the
United Arab Emirates, totaling $3 million, which funds BAGLEY
and others believed to be derived from graft and corruption in
connection with public works projects in Venezuela. After
receiving these funds into bank accounts BAGLEY controlled,
BAGLEY transferred the majority of the funds into the bank

accounts of a co-conspirator to conceal the nature, source, and ownership of the funds.

2. In or about 2005, BRUCE BAGLEY, the defendant, incorporated a company ("Company-1") in Florida and listed himself and his spouse as the officers and directors. Company-1 had little activity between 2005 and 2016. The Florida Department of State administratively dissolved Company-1 in 2017 due to failure to file an annual report.

3. In or about November 2016, BRUCE BAGLEY, the defendant, opened a bank account on behalf of Company-1 (the "Company-1 Account") at a bank in Weston, Florida ("Bank-1"). BAGLEY listed himself as the President of Company-1 in the account opening documents.

4. The Company-1 Account had minimal activity until in or about November 2017. At that time, the Company-1 Account began receiving monthly deposits of approximately $200,000 from an account in the United Arab Emirates held in the name of a purported food company (the "Food Company").

5. Upon receiving each deposit into the Company-1 Account, BRUCE BAGLEY, the defendant, would follow a set pattern. BAGLEY and another individual ("Individual-1") would visit Bank-1 together. At Bank-1, BAGLEY would withdraw approximately ninety percent of the deposited funds in the form of a cashier's check payable to a company controlled by

2

Individual-1 ("Company-2"). BAGLEY would then wire the remaining funds to a personal account held in BAGLEY's name.

6. Between in or about November 2017 and in or about February 2018, BRUCE BAGLEY, the defendant, through the Company-1 Account, received approximately four deposits from the Food Company totaling approximately $800,000. BAGLEY withdrew approximately $720,000 in cashier's checks payable to Company-2, and wired approximately $80,000 to his personal account.

7. Beginning in or about March 2018, the Company-1 Account began receiving monthly deposits from a Swiss bank account held in the name of a wealth management firm located in the United Arab Emirates (the "Wealth Management Firm"). Between in or about March 2018 and in or about August 2018, the Company-1 Account received approximately eight deposits from the Wealth Management Firm, totaling approximately $1.7 million dollars. In total, BRUCE BAGLEY, the defendant, withdrew approximately $1.1 million in cashier's checks from the Company-1 Account, payable to Company-2, and wired approximately $92,000 to his personal account.

8. In or about October 2018, Bank-1 closed the Company-1 Account due to suspicious activity.

9. The accounts associated with the Food Company and the Wealth Management Firm belong to and are controlled by a Colombian individual ("Individual-2"). During the period of the

3

conspiracy, BRUCE BAGLEY, the defendant, and Individual-1 discussed the fact that they were moving funds on behalf of Individual-2 and that the funds represented the proceeds of foreign bribery and embezzlement stolen from the Venezuelan people. Nevertheless, BAGLEY continued to receive and transfer money on behalf of Individual-2, for which BAGLEY received over $100,000. Additionally, in order to conceal the nature, source, and control of the funds, BAGLEY entered into multiple sham contracts purporting to justify the transfer of money into his account in the course of the money-laundering conspiracy.

10. In or about December 2018, BRUCE BAGLEY, the defendant, provided electronic wire transfer information for a new bank account to Individual-1 and Individual-2 to facilitate the transfer of Individual-2's funds into the United States. This account was held in BAGLEY's name at a bank located in Florida (the "Bagley Account"). On or about January 9, 2019, the Bagley Account received approximately $250,000, which funds Individual-1 had previously represented to BAGLEY to have derived from bribery and public corruption in Venezuela. Upon receiving this wire deposit, BAGLEY, accompanied by Individual-1, withdrew a cashier's check in the amount of approximately $230,000 payable to Company-2; BAGLEY retained the balance of these funds as a commission for his services.

11. On or about February 20, 2019, approximately $224,000 was sent to the Bagley Account, which funds were represented by law enforcement to BAGLEY to have derived from bribery and public corruption in Venezuela. Upon receiving the wire deposit, BAGLEY withdrew a cashier's check in the amount of approximately $180,000 payable to Company-2 and retained the rest.

12. The funds involved in several of the wire transactions on behalf of Individual-2 and Company-2, including the January 2019 transaction and the February 2019 transaction, passed through the Southern District of New York, before being deposited into the Company-1 Account or the Bagley Account.

### Statutory Allegations

13. From at least in or about November 2017, up to and including in or about April 2019, in the Southern District of New York and elsewhere, BRUCE BAGLEY, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to engage in money laundering offenses, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i), (a)(2)(B)(i), and 1957(a).

14. It was a part and an object of the conspiracy that BRUCE BAGLEY, the defendant, and others known and unknown, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions,

which in fact involved the proceeds of specified unlawful activity, to wit: (i) transportation of stolen goods, securities, and moneys in interstate commerce, in violation of Title 18, United States Code, Section 2314; and (ii) offenses against a foreign nation involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official, as provided by Title 18, United States Code, Section 1956(c)(7)(B)(iv), knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

15.  It was a further part and an object of the conspiracy that BRUCE BAGLEY, the defendant, and others known and unknown, transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit: (i)

6

transportation of stolen goods, securities, and moneys in interstate commerce, in violation of Title 18, United States Code, Section 2314; and (ii) offenses against a foreign nation involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official, as provided by Title 18, United States Code, Section 1956(c)(7)(B)(iv), in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

16. It was a further part and an object of the conspiracy that BRUCE BAGLEY, the defendant, and others known and unknown, within the United States, in an offense involving and affecting interstate and foreign commerce, knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, (i) transportation of stolen goods, securities, and moneys in interstate commerce, in violation of Title 18, United States Code, Section 2314; and (ii) offenses against a foreign nation involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official, as provided by Title 18, United States Code, Section 1956(c)(7)(B)(iv), in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

7

## COUNT TWO
### (Money Laundering)

The Grand Jury further charges:

17.   The allegations contained in paragraphs 1 through 12 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

18.   In or about January 2019, in the Southern District of New York and elsewhere, BRUCE BAGLEY, the defendant, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, knowingly did conduct and attempt to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, to wit: (i) transportation of stolen goods, securities, and moneys in interstate commerce, Title 18, United States Code, Section 2314; and (ii) offenses against a foreign nation involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official, as provided by Title 18, United States Code, Section 1956(c)(7)(B)(iv).

(Title 18, United States Code, Sections 1956(a)(3)(B)
and 2.)

8

## COUNT THREE
### (Money Laundering)

The Grand Jury further charges:

19.   The allegations contained in paragraphs 1 through 12 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

20.   In or about February 2019, in the Southern District of New York and elsewhere, BRUCE BAGLEY, the defendant, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, knowingly did conduct and attempt to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, to wit: (i) transportation of stolen goods, securities, and moneys in interstate commerce, Title 18, United States Code, Section 2314; and (ii) offenses against a foreign nation involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official, as provided by Title 18, United States Code, Section 1956(c)(7)(B)(iv).

(Title 18, United States Code, Sections 1956(a)(3)(B) and 2.)

9

## FORFEITURE ALLEGATION

21. As a result of committing one or more of the offenses alleged in Counts One, Two, and Three of this Indictment, BRUCE BAGLEY, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offenses, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offenses.

### Substitute Asset Provision

22. If any of the above described forfeitable property, as a result of any act or omission of the defendant:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third person;

c. Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code,

Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853.)

FOREPERSON
10/27/19

Geoffrey S. Berman
GEOFFREY S. BERMAN
United States Attorney

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

– v. –

BRUCE BAGLEY,

Defendant.

## INDICTMENT

19 Cr.

(18 U.S.C. §§ 1956 & 2)

GEOFFREY S. BERMAN
United States Attorney.

Foreperson

10/24/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 19-3881-MJ-BECERRA   (SEALED)

UNITED STATES OF AMERICA,
       Plaintiff,

V.

BRUCE BAGLEY,
       Defendant(s).
_____/

## ORDER

**THIS CAUSE** came before the Court and pursuant to proceedings it is

thereupon, PURSUANT TO THE ARREST OF THE ABOVE NAMED

DEFENDANT, THIS CASE IS HEREBY UNSEALED.

**DONE AND ORDERED** at Miami, Florida.

Dated: 11/18/2019

Jacqueline Becerra
**UNITED STATES MAGISTRATE JUDGE**

# MINUTE ORDER

Page 2

## Magistrate Judge Jacqueline Becerra

**King Building Courtroom 10-6**          Date: 11/18/2019  Time: 2:00 p.m.

Defendant: BRUCE BAGLEY          J#: 25846-104    Case #: 19-3881-MJ-BECERRA SEALED

AUSA: Lois Foster-Steers          Attorney: _____

Violation: S/D/NY/WARR/INDICT/CONSP/COMMIT MONEY          Surr/Arrest Date: 11/18/2019    YOB: 1946
LAUNDERING/MONEY LAUNDERING

Proceeding: Initial Appearance          CJA Appt: _____

Bond/PTD Held: ⌐ Yes  ☒ No          Recommended Bond: _____

Bond Set at: $300K PSB          Co-signed by: Son & Daughter

☒ Surrender and/or do not obtain passports/travel docs          Language: English

☒ Report to PTS as _directed_/or _____ x's a week/month by
phone; _____ x's a week/month in person

☐ Random urine testing by Pretrial
Services          _____

☐ Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses, except through counsel

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or
Curfew _____ pm to _____ am, paid by _____

☐ Allowances: Medical needs, court appearances, attorney visits,
religious, employment

☒ Travel extended to: SD/NY & ED/NY

☐ Other: _____

Disposition:
- Deft advised of right
- Daniel Forman app
  as temp cnsl
- Case unsealed
- Court sets
  $300K PSB to be
  C/S by son and
  daughter

Time from today to _____ excluded
from Speedy Trial Clock

**NEXT COURT APPEARANCE**  Date:  Time:  Judge:  Place:

Report RE Counsel: _____

/Bond Hearing: _____

Prelim/Arraign or (Removal): 11/21  10a  Duty  MIA

Status Conference RE: _____

D.A.R. 14:00:09 / 14:14:21          Time in Court: 10 mins

          s/Jacqueline Becerra          Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _19-3581-MJ-BECERRA_

UNITED STATES OF AMERICA,

v.                                          **NOTICE OF TEMPORARY**
                                            **APPEARANCE AS COUNSEL**

BRUCE BAGLEY

COMES NOW _____DANIEL H. FORMAN_____ and

files this temporary appearance as counsel for the above named

defendant(s) at initial appearance.  This appearance is made with

the **understanding** that the undersigned counsel will fulfill any

**obligations imposed** by the Court such as **preparing and filing**

**documents** necessary to collateralize any personal surety bond

which may be set.

Counsel's Name (**Printed**) _____DANIEL H. FORMAN_____

Counsel's Signature _____

Address ____1401 BRICKELL AVENUE #910____

_____MIAMI_____ ZIP CODE: ___33131___

Telephone ( 305 ) 577-8888 FLORIDA BAR NUMBER: 229261

Date: _____11-18-19_____

(Rev 03/2016)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**APPEARANCE BOND:** _____

CASE NO.: _19 - 3881 - MJ - BECERRA_

UNITED STATES OF AMERICA
  Plaintiff,                              JAIL # _25846-104_

v.

_BRUCE BAGLEY_ Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of
$ ___*300,000 PSB*___.

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

    1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

    2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

    3. May not change his or her present address as recorded on this bond without prior permission in writing from the court.

    4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

    5. The defendant must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

    6. Shall not commit any act in violation of state or federal laws.

DEFENDANT: BRUCE BAGLEY
CASE NUMBER: 19-3881-MJ-BECERRA
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

☑ a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;

☑ b. Report to Pretrial Services as follows: ☑ *as directed or* _____ *time(s) a week in person and* _____ *time(s) a week by telephone;*

☐ c. Submit to substance abuse testing and/or treatment;

☐ d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

☐ e. Participate in mental health assessment and/or treatment;

☐ f. Participate and undergo a sex offense specific evaluation and treatment;

☐ g. Maintain or actively seek full-time employment;

☐ h. Maintain or begin an educational program;

☐ i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

☐ j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

☐ k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own until the bond is discharged, or otherwise modified by the Court;

☐ l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.;*

☐ m. No access to the internet via any type of connectivity device *(i.e. computers, pda's, cellular phones, tv's),* and follow instructions as outlined in the agreement waiver provided to you by Pretrial Services;

☐ n. **HOME CONFINEMENT PROGRAM** The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ☐ **will not or** ☐ **will include electronic monitoring or other location verification system, paid for by the defendant** *based upon his/her ability to pay* ☐ **or paid for by Pretrial Services** ☐.

    ☐ **Curfew:** You are restricted to your residence every day from     to    , or as directed by the Court.

    ☐ **Home Detention:** You are restricted to your residence at all times except for: ☐ **medical needs or treatment,** ☐ **court appearances,** ☐ **attorney visits or court ordered obligations, and** ☐ **other** _____.

☐ o. **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program.

    You are restricted to the halfway house at all times except for: ☐ **employment;** ☐ **education;** ☐ **religious services;** ☐ **medical, substance abuse, or mental health treatment;** ☐ **attorney visits;** ☐ **court appearances;** ☐ **court ordered obligations;** ☐ **reporting to Pretrial Services; and** ☐ **other**

☑ p. May travel to and from: SOUTHERN DISTRICT OF FLORIDA, and must notify Pretrial Services of travel plans before leaving and upon return. SOUTHERN DISTRICT OF NY EASTERN DISTRICT OF NY

☐ q. Comply with the following additional conditions of bond:

DEFENDANT: BRUCE BAGLEY
CASE NUMBER: 19-3881-mJ BECERRA
PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: *BRUCE BAGLEY*
CASE NUMBER: *19-3881-MJ-BECERRA*
PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

## NOTE: Page 5 of this form MUST be completed before the bond will be accepted for filing.

### DEFENDANT

Signed this *18* day of *NOVEMBER*, 20 *19* at *MIAMI*, Florida

Signed and acknowledged before me:

DEFENDANT: (Signature) *Bruce Baglo*

Witness *DANIEL FORMAN*

*MIAMI* City  *FL* State

### CORPORATE SURETY

Signed this _____ day of _____, 20 ____ at _____, Florida

SURETY: _____

City _____ State _____

AGENT: (Signature) _____

PRINT NAME: _____

### INDIVIDUAL SURETIES

Signed this *18* day of *Nov.*, 20 *19* at *MIAMI*, Florida

SURETY: (Signature) _____

PRINT NAME: *PAUL BAGLEY*

RELATIONSHIP TO DEFENDANT: *SON*

*MIAMI* City  *FL* State

Signed this *18* day of *Nov.*, 20 *19* at *MIAMI*, Florida

SURETY: (Signature) *Adri Val*

PRINT NAME: *ADELE BAGLEY Valencia*

RELATIONSHIP TO DEFENDANT: *DAUGHTER*

*MIAMI* City  *FL* State

Signed this _____ day of _____, 20 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

City _____ State _____

Signed this _____ day of _____, 20 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

City _____ State _____

### APPROVAL BY THE COURT

Date: *11-18-2019*

Jacqueline Becerra
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
**Southern District of Florida**

Case Number: _____19 -3881 -MJ -BECERRA_____

# SUPPLEMENTAL ATTACHMENT(S)

Please refer to supplemental paper "court file" in the division where the Judge is chambered. These attachments must <u>not</u> be placed in the "chron file".

<u>Documents Retained in Supplemental Case Files</u> (Scanned or Not Scanned)

<u>Civil Case Documents</u>
____ • Handwritten documents/pleadings (i.e., pro se)
____ • Poor quality scanned images
____ • Photographs
____ • CD, DVD, VHS tapes, cassette tapes
____ • Surety bonds
____ • Exhibits that cannot be scanned (e.g., objects)
____ • Bound extradition papers
____ • Jury verdict
____ • Jury notes (unredacted)
____ • Jury selection materials (seating charts, challenges, etc.)

<u>Criminal Case Documents</u>
____ • Handwritten documents/pleadings (i.e., pro se)
____ • Poor quality scanned images
____ • Photographs
____ • CD, DVD, VHS Tape, Cassette Tapes
X • Bond documentation
____ • Exhibits that cannot be scanned (e.g., objects)
____ • Indictments
____ • Arrest warrants
____ • Jury verdict
____ • Jury notes (unredacted)
____ • Jury selection materials (seating charts, challenges, etc.)

Date: _____11-18- 19_____

# COURT MINUTES

## Magistrate Judge Jacqueline Becerra

**King Building Courtroom 10-6**          Date: 11/21/19     Time: 10:00 a.m.

Defendant: Bruce Bagley , *Bond*   J#: 25846-104   Case #: 19-3881-Becerra

AUSA: *Roger Cruz*                    Attorney: Daniel Forman Esq. Temp. ✓

Violation:   S/D/ N/Y  Consp., Money Laundering

Proceeding:  Rrc , ~~PX~~ & Removal                 CJA Appt: _____

Bond/PTD Held: ◠ Yes     No     Recommended Bond: Ptd

Bond Set at: _____  ___  _____  _____  Co-signed by: _____

☐ Surrender and/or do not obtain passports/travel docs

Language:  English ✓

☐ Report to PTS as  directed/or _____ x's a week/month by phone: _____ x's a week/month in person

☐ Random urine testing by Pretrial Services _____
Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or
Curfew _____ pm to _____ am, paid by _____

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☐ Travel extended to: _____

☐ Other: _____

**Disposition:**

- Deft sworn
- Mr. Forman is app temp for removal
- Deft exec waiver of removal
- Court orderd deft removed to SD of NY
- Deft is on a $300K PSB

Time from today to _____ excluded from Speedy Trial Clock

**NEXT COURT APPEARANCE**   Date: _____  Time: _____  Judge: _____  Place: _____

Report RE Counsel: _____

PTD/Bond Hearing: _____

Prelim/Arraign or Removal: _____

Status Conference RE: _____

D.A.R. 10:19:44 _____     Time in Court: 3 mins

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No: 19-3881-MJ-BECERRA

United States of America
      Plaintiff,
    v.

Charging District's Case No.   19-CR-765

BRUCE BAGLEY,
      Defendant.
_____/

## WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS

I understand that I have been charged in another district, the **SOUTHERN DISTRICT OF NEW YORK.**

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5)    a hearing on any motion by the government for detention;

(6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my rights to: **(check those that apply)**

[✓]  An identity hearing and production of the warrant.

[✓]  A preliminary hearing.

[ ]  A detention hearing in the Southern District of Florida.

[ ]  An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 11/18/2019

_____
Defendant's Signature

_____
Jacqueline Becerra
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No. 19-3881-Becerra

United States of America
          Plaintiff,

     v.

Bruce Bagley,
          Defendant.

_____/

## ORDER OF REMOVAL

It appearing that in the **Southern District of New York**, an Indictment was filed against the above-named defendant on a charge of **S/D/ N/Y Consp., Money Laundering**, and that the defendant was arrested in the Southern District of Florida and was given a hearing before United States Magistrate Judge Jacqueline Becerra at Miami, Florida, which officially committed the defendant for removal to the **Southern District of New York**, it is ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge Jacqueline Becerra for removal and posted bail in the amount of $ 300 K PSB which was approved by the United States Magistrate Judge Jacqueline Becerra, and it is further ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bond furnished by the defendant, and it is further ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

DONE AND ORDERED at Miami, Florida on 11/21/19.

_____
Jacqueline Becerra
United States Magistrate Judge