```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                          CASE NO. 19-MJ-03881-JB-1

     UNITED STATES OF AMERICA,
                                              Miami, Florida
                   Plaintiff(s),
                                              November 18, 2019
           vs.

     BRUCE BAGLEY,

                   Defendant(s).      Pages 1 - 13
     ----------------------------------------------------------

                                   HEARING
                 TRANSCRIBED FROM DIGITAL AUDIO RECORDING
                 BEFORE THE HONORABLE JACQUELINE BECERRA
                      UNITED STATES MAGISTRATE JUDGE

     APPEARANCES:

     FOR THE PLAINTIFF(S):    LOIS FOSTER-STEERS
                              UNITED STATES ATTORNEY'S OFFICE
                              99 NE 4th Street
                              Miami, FL 33131
                              (305) 961-9001
                              lois.foster-steers@usdoj.gov


     FOR THE DEFENDANT(S):    DANIEL HILTON FORMAN, ESQ.
                              1401 Brickell Avenue
                              Miami, FL 33131
                              305-577-8888
                              dhforman@gate.net


     TRANSCRIBED BY:          Joanne Mancari, RPR, CRR, CSR
                              Court Reporter
                              jemancari@gmail.com
```

```
 1    Thereupon,
 2    the following proceedings were held:
 3              THE COURT:  Good afternoon.  You may all be seated.
 4              Mr. Forman, are you here standing in for Ms. Klapper
 5    or do you have other business?
 6              MR. FORMAN:  No, I have other business, Judge.
 7              THE COURT:  All right.  I am going to go ahead and
 8    call your name.  When I call your name, please raise your hand.
 9              Estephanio Barlotte.  Bruce Bagley.  Bobby Adam Boyd.
10    Herman Miner.  Luis Matteo.  Christian Gongorra.  Yoisel
11    Espinosa.  And, Mr. Bustamonte, you're here from a recall from
12    this morning.  All right.
13              All right.  So you're all here, except for
14    Mr. Bustamonte, you are here for an initial appearance.
15              I'm going to be going through a number of things with
16    you as a group.  If for any reason you've got a question about
17    anything I've advised you, you are each going to have the
18    opportunity to have your case addressed alone, like one by one,
19    and if you have any question for me at that time, go ahead and
20    ask me there.  But pay careful attention because I'm going to
21    advise all of you of some important rights that you're entitled
22    to.
23              First of all, as I said, you're here for an initial
24    appearance.  So as part of today's appearance we are going to
25    be doing a number of things.
```

1          One, I'm going to be ascertaining whether or not you
2  have a right to have me appoint counsel for you.  All right.
3          The second thing I'm going to do is I'm going to
4  advise you of the charges against you.  So you will have a
5  formal assessment of what the charges are and what the maximum
6  penalties are.
7          In addition, you're entitled to a bond hearing.  So if
8  the government is seeking to detain you pretrial, we'll
9  determine whether that bond hearing will go forward today.
10 They're entitled to ask for additional time for that bond
11 hearing and if they do so, then we'll set your bond hearing.
12         We're also going to set at least one future hearing on
13 your case today.  So if you've been indicted, we'll set your
14 arraignment.  If you've not been indicted, we are going to go
15 ahead and set a preliminary hearing.
16         As to your right to counsel, you have a right to
17 counsel.  If you cannot afford a lawyer, one will be appointed
18 for you.  If I find or if you ask me to appoint counsel for
19 you, I'm going to ask that you raise your right hand, I'm going
20 to place you under oath.  If you make any false statements, of
21 course those statements can be used against you.
22         If I determine that you qualify for the appointment of
23 counsel, I'll appoint counsel for you.  If you don't qualify
24 for counsel and you want -- you have to have your own counsel
25 obviously -- I'll continue your hearing today because you must

1  have counsel present.

2  If you want to retain your own counsel, if you don't
3  want to see if you are eligible for court-appointed counsel, of
4  course you have the right to hire an attorney.  Again, remember
5  that the proceedings against you cannot go forward until there
6  is an attorney present for you.

7  You each have a right to remain silent.  Any statement
8  you make can be used against you.  If you start to make a
9  statement and you change your mind, you can stop speaking at
10 any time.  If you've already made statements, you're not
11 required to continue to make statements.

12 You also have the right to have a lawyer present for
13 any future questioning of you.

14 As I told you before, you're entitled to a bond
15 hearing.  If the government requests that you be held without a
16 bond, I will determine whether or not you'll be held without
17 bond.  I'll also be determining what bond conditions, if any,
18 are appropriate.

19 If you are released on bond, a violation of your
20 conditions of that bond could include additional penalties,
21 civil and criminal penalties.

22 If you're not a U.S. citizen, a conviction in this
23 case could affect your ability to stay in the United States.

24 If you're not a United States citizen, you have the
25 right to request that the government notify the consular of

1    your country.  Please be advised that even if you don't want
2    the government, the United States that is, to advise the
3    consular of your native country, they might be obliged to do
4    that pursuant to certain international treaties.
5             All right.  I'm going to call the first case.
6             (Pause)
7             THE COURT:  The next case is United States v. Bruce
8    Bagley, 19 3881, MJ Becerra.
9             MS. FOSTER-STEERS:  Your Honor, Lois Foster-Steers on
10   behalf of the United States.
11            MR. FORMAN:  Good afternoon, your Honor.  Dan Forman
12   on behalf of Dr. Bagley.
13            THE COURT:  Good afternoon.
14            So I have before me an order asking me to unseal the
15   indictment of Mr. Bagley.  Is that correct?
16            MS. FOSTER-STEERS:  Yes, your Honor.  The government
17   would move to unseal the indictment.
18            THE COURT:  All right.  I've gone ahead and unsealed
19   that.
20            Mr. Forman, you'll be representing him for purposes of
21   today's hearing?
22            MR. FORMAN:  Today's hearing and any matters
23   throughout the Southern District of Florida, your Honor.
24            THE COURT:  All right.  So you're here before the
25   court.  You have been arrested on an arrest warrant in

1    connection with an indictment from the Southern District of New
2    York. In that case you've been indicted with three counts of
3    money laundering, conspiracy.
4            For Count One there is a conspiracy to commit a money
5    laundering crime. I believe there's also a substantive count
6    of money laundering. So there's Count Two and Count Three in
7    the indictment and each of them also charge you with money
8    laundering.
9            Those are 20-year offenses, correct, counsel?
10           MS. FOSTER-STEERS: Yes, your Honor. Yes.
11           THE COURT: So the maximum penalties that you face for
12   those crimes, sir, is 20 years.
13           Do you understand that?
14           THE DEFENDANT: Yes, I do, your Honor.
15           THE COURT: All right. So you're entitled, because
16   this indictment is not in this district, you're entitled to a
17   couple of things.
18           In this district you're entitled to a hearing to
19   determine whether you're the same Bruce Bagley they're looking
20   for in New York. All right.
21           You're also entitled to a bond hearing. But remember,
22   you can't have two different bond hearings.
23           You are also entitled to explore whether or not you
24   want to resolve the case here pursuant to Federal Rule of
25   Criminal Procedure 20 by having the case transferred here for

1  purposes of a guilty plea.
2          Do you understand that?
3          THE DEFENDANT:  Yes, I understand.
4          THE COURT:  All right.  How are we going to proceed on
5  the removal?  Do you want to set this for another date or are
6  you prepared to waive or to proceed today?
7          Government?
8          MS. FOSTER-STEERS:  Well, we would ask for three days
9  at least for the removal hearing.
10         THE COURT:  Is the agent not here?
11         MS. FOSTER-STEERS:  No, the agent is not here.
12         MR. FORMAN:  Judge, that is satisfactory.  There is a
13 great likelihood we are going to waive removal, but I just need
14 an opportunity to discuss with the AUSA in the Southern
15 District of New York and my client, etc.
16         THE COURT:  Sure.  No problem.
17         Do you want to have that on Thursday or is there some
18 other date that is convenient?
19         MS. FOSTER-STEERS:  Thursday's fine.
20         MR. FORMAN:  Thursday is fine for me too, your Honor.
21         THE COURT:  What we are going to do, sir, is we are
22 going to reset this for Thursday.  We are going to reset your
23 Rule 30 hearing on Thursday.
24         So on Thursday at 10 a.m., before me, we will either
25 have that hearing to determine whether or not you are the same

1  Bruce Bagley they're looking for in New York or whether or not
2  you've been able to come to some agreement with the United
3  States to waive that hearing.
4        I'll also set it down for detention that day.  I don't
5  know if there will be some discussion with your counsel and the
6  government as to what conditions of release there might be or
7  whether or not you'll waive that hearing here in order to have
8  that hearing in New York.
9        MR. FORMAN:  Judge, I think there is a recommended
10 bond.
11       THE COURT:  Is there a recommended bond?
12       MS. FOSTER-STEERS:  There is actually, your Honor.
13       THE COURT:  All right.  What is the recommended bond?
14       MS. FOSTER-STEERS:  Your Honor, the government is
15 requesting a $300,000 10 percent bond with a Nebbia condition
16 based upon the offenses that Mr. Bagley's charged with.
17       MR. FORMAN:  And I -- I'm sorry.  Go ahead, Judge.
18 I'm sorry.
19       THE COURT:  No.  I don't have anything from Pretrial
20 Services on this defendant.
21       MR. FORMAN:  I have the report, which I'll share with
22 the court.
23       THE COURT:  Yes, if you don't mind.  I don't have the
24 report.
25       MS. FOSTER-STEERS:  Your Honor, I have a copy for you.

1              THE COURT:  Sure.
2              Give me a moment.
3              MR. FORMAN:  Sure.
4              (Pause)
5              THE COURT:  All right.  Government, what is the
6     recommended bond?
7              MS. FOSTER-STEERS:  It is a $300,000 10 percent bond,
8     your Honor, with Nebbia.
9              THE COURT:  Mr. Forman.
10             MR. FORMAN:  Yes, your Honor.  We would like to
11    advance the concept of a personal surety bond for this
12    defendant.  I think if you will give me a moment I will be able
13    to proffer some things I think makes him the perfect candidate
14    for a personal surety bond.
15             THE COURT:  Sure.  Go ahead.
16             MR. FORMAN:  Bruce Bagley is a tenured professor at
17    the University of Miami and has been there for over 30 years.
18    Prior to that he was on the faculty of Johns Hopkins
19    University.  I actually have known this individual for about
20    that 30 years because my wife is also on the faculty with
21    Dr. Bagley.
22             THE COURT:  Hold on.  He is having an issue here with
23    the marshals.
24             MR. FORMAN:  Are you OK?
25             THE DEFENDANT:  I'm listening.  No.  I'm having an

1 issue with my no belt.

2 THE COURT: No. That's all right. I want to make
3 sure that you listen to your counsel.

4 THE DEFENDANT: Thank you.

5 THE COURT: Sorry about that.

6 MR. FORMAN: So I'm in somewhat of a unique position
7 that I don't often find myself in where I actually have
8 personal knowledge of the individual I'm representing. But
9 regardless of that, Judge, just on the objective facts, his
10 wife, who is completely disabled, she and Dr. Bagley live here
11 and have a home here in Dade County. Their son and daughter
12 are with me in the courtroom, Paul and Adele Bagley.

13 Could you stand up, please, quickly.

14 Your Honor, these are the children of Dr. Bagley and
15 his wife. They are both members of the Florida Bar. Both work
16 as lawyers here in Dade County. They are all U.S. citizens.
17 They all live in Dade County.

18 Given the nature of the crime, which of course is
19 serious -- I don't want to disparage the charge at all -- but
20 given the nature of the crime and given his ties to the
21 community, the issue is whether or not he will appear in court.
22 I think honestly, Judge, it is practically a nonissue in this
23 defendant's case.

24 As I said, he is on the faculty of University of
25 Miami. He is willing to surrender his passports. I think

1 | Pretrial Services also recommended it, and if your Honor
2 | requires it, either one of his children will cosign the bond,
3 | gladly cosign a bond with him to ensure his appearance.
4 | So I would recommend a $300,000 personal surety bond
5 | to be cosigned by one or more of his children.
6 | THE COURT: Does your client own a home? I believe he
7 | does.
8 | MR. FORMAN: He rents.
9 | THE COURT: He rents?
10 | MR. FORMAN: Yes.
11 | THE COURT: Do either of the children own a home?
12 | MR. FORMAN: No, I don't think they do, actually. I
13 | don't think they own homes.
14 | THE COURT: You say that they are both members of the
15 | Florida Bar, is that correct?
16 | MR. FORMAN: That is correct, Judge.
17 | THE COURT: OK. I'm inclined to grant the defendant's
18 | request that the defendant be given a $300,000 personal surety
19 | bond. I want it signed by both children --
20 | MR. FORMAN: No problem.
21 | THE COURT: -- and the defendant.
22 | So that will be signed by the defendant, his son --
23 | what is his son's name?
24 | MR. FORMAN: Paul, P-A-U-L, same last name.
25 | THE COURT: And the daughter?

| | |
|---|---|
| 1 | MR. FORMAN: The daughter is Adele, A-D-E-L-E, same |
| 2 | last name. |
| 3 | THE DEFENDANT: Valencia. Valencia. |
| 4 | MR. FORMAN: Her married name is Valencia. |
| 5 | THE DEFENDANT: Her married name is Valencia. |
| 6 | THE COURT: All right. I'm also going to require you, |
| 7 | sir, to report to Pretrial Services as directed. |
| 8 | You are to surrender your passport and all travel |
| 9 | documents. You're not to seek any new travel documents. |
| 10 | I would ask that the son and the daughter, of course |
| 11 | are going to be signing on behalf of their father, which means |
| 12 | that if you don't appear, sir, your son and your daughter will |
| 13 | be on the hook, so to speak, for the bond amount. All right? |
| 14 | MS. FOSTER-STEERS: |
| 15 | THE DEFENDANT: Yes, your Honor. |
| 16 | THE COURT: You will be allowed to travel to the |
| 17 | Southern District of New York because that's where the |
| 18 | proceedings are; however, before you travel to the Southern |
| 19 | District of New York, you have to advise your Pretrial Services |
| 20 | officer and provide your Pretrial Services officer with any |
| 21 | information they require before you travel. |
| 22 | MR. FORMAN: Judge, I have one request, if you don't |
| 23 | mind. Since this is a personal surety bond and the children |
| 24 | are here and are going to cosign the bond -- he is eligible for |
| 25 | release today -- may I have 48 hours to turn the passport over |

```
 1   to Pretrial Services, or 24 hours?  He doesn't have it with
 2   him.
 3            THE DEFENDANT:  Actually, the --
 4            MR. FORMAN:  The FBI has it?
 5            THE DEFENDANT:  Yes, the FBI has it.
 6            MR. FORMAN:  OK.
 7            THE COURT:  OK.  All right.  So Pretrial Services -- I
 8   mean the FBI already has his travel documents.
 9            MR. FORMAN:  OK.  So if they have it, then it's a
10   nonissue.  Thank you.
11            THE COURT:  All right.  So we'll still set this, then,
12   for Thursday at 10:00.
13            MR. FORMAN:  That's fine, Judge.
14            THE COURT:  Is there anything else on behalf of the
15   United States?
16            MS. FOSTER-STEERS:  No, your Honor.
17            THE COURT:  On behalf of this defendant?
18            MR. FORMAN:  No, your Honor.
19            THE COURT:  All right.  Thank you, Mr. Forman.
20            (Adjourned)
21
22
23
24
25
```

C E R T I F I C A T E

I hereby certify that the foregoing is an accurate transcription to the best of my ability of the digital audio recording in the above-entitled matter.

December 17, 2019     s/ Joanne Mancari
                             Joanne Mancari, RPR, CRR, CSR
                             Court Reporter
                             jemancari@gmail.com